UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN MILLER, | ) | CASE NO.  5:11CV2292 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| PROMPT RECOVERY SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff Karen Miller's motion to enforce the settlement. (Doc. No. 51.) Defendant Prompt Recovery Services, Inc. did not file a response, and the time for responding has passed.

In her complaint, plaintiff alleged that defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in its efforts to collect a debt from her. (Complaint, Doc. No. 1.) On June 24, 2013, the Court issued a ruling granting defendant summary judgment on all but one of plaintiff's FDCPA claims. (Memorandum Opinion and Order, Doc. No. 34.) Following this ruling, the Court conducted two telephonic status conferences—on July 1, 2013 and July 10, 2013—during which the Court explored with the parties and counsel the possibility of settlement, but no resolution was reached. The Court set the matter for a final pre-trial conference and instructed counsel to meet and determine how liability,

possible damages, costs, and attorney's fees would be determined at trial. (Minutes, July 10, 2013.)

At the September 6, 2013 final pre-trial conference, the parties advised the Court that they had reached a settlement. That same day (September 6, 2013), the Court issued an order dismissing the case as settled. (Doc. No. 50.) The order of dismissal provided that each party was to pay its own costs, directed the parties to file a dismissal entry within 60 days, and further provided that the Court would retain jurisdiction to enforce the terms of the parties' settlement agreement. (*Id*.)

Appended to the present motion to enforce is the parties' written settlement agreement. (Doc. No. 51-2.) The agreement provided that in exchange for plaintiff's dismissal of the complaint with prejudice, defendant would pay plaintiff $4,000 in two equal installments of $2,000. The first installment was to be paid within 30 days of receipt of the executed settlement agreement, and the second payment was to come due 30 days thereafter. (*Id*. at 567.) Upon receipt of the second and final payment, plaintiff was to cause a dismissal entry to be filed in this Court. (*Id*. at 568.) Plaintiff executed the settlement agreement on September 27, 2013, but it does not appear that defendant signed the agreement. (*Id*. at 570-71.)

Also attached to plaintiff's motion is a series of emails between counsel, beginning on September 30, 2013. (Doc. No. 51-3.) During the course of this electronic correspondence, plaintiff's counsel repeatedly inquired as to when plaintiff could expect to receive the settlement payments from defendant, while defense counsel repeatedly promised that the first of the two payments would be forthcoming. According to plaintiff's motion, plaintiff never received any payments from defendant, and both

2

payments are now past due. Plaintiff seeks an order directing defendant to make the agreed payments, and also requests that the Court award plaintiff the attorney's fees she incurred in connection with the present motion. (Doc. No. 51 at 564.)

A federal court has inherent power to enforce settlement agreements that have been voluntarily entered into by the principals. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (citing *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986)). Because settlement agreements are a type of contract subject to principles of state law, Ohio law governs the Court's consideration of plaintiff's motion. *See Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) (citing *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)). Under Ohio law, where the language of a settlement agreement is clear, and it was entered by the parties voluntarily, the court must enforce the instrument as it is written. *See Clark v. Clark*, No. CA2008-10-244, 2009 WL 1655430, at *3 (Ohio Ct. App. June 15, 2009) (cites omitted); *see also Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 376, 683 N.E.2d 337 (1997) ("The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.") (citing *Noroski v. Fallet*, 2 Ohio St. 3d 77, 79, 442 N.E.2d 1302 (1982)). The existence of a settlement agreement is not diminished by the fact that the parties have not reduced it to writing, *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001), nor may a party withdraw assent to a settlement agreement simply because not all parties have signed it. *See Michigan Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 F.3d App'x 15, 23 (6th Cir. 2004).

The Court finds that the parties entered into a valid and enforceable settlement agreement—whether it be oral or written—whose terms are clear and unambiguous. The Court further finds that defendant has failed to comply with the terms of the settlement. Plaintiff is, therefore, entitled to enforcement of the agreement. Plaintiff has not, however, established an entitlement to attorney's fees.

Ohio follows the well-established "American Rule," under which parties bear the burden of paying their own attorney's fees in litigation. *Wyser-Pratte v. Van Dorn Co.*, 49 F.3d 213, 217 (6th Cir. 1995); *see Sorin v. Bd. of Educ. of Warrensville Heights Sch. Dist.*, 46 Ohio St. 2d 177, 179, 347 N.E.2d 527 (1976). "Attorney's fees may be awarded, however, if: (1) a statute creates a duty; (2) an enforceable contract provision provides for an award of attorney's fees; or (3) the losing party has acted in bad faith." *Hagans v. Habitat Condo. Owners Ass'n*, 166 Ohio App. 3d 508, 517, 851 N.E.2d 544 (Ohio Ct. App. 2006) (citing *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 33 Ohio St. 3d 32, 33-34, 514 N.E.2d 702 (1987)). The settlement agreement does not provide for an award of attorney's fees in the event of a breach, and plaintiff has pointed to no statutory authority or bad faith on behalf of defendant that supports an award of attorney's fees.[1] Therefore, plaintiff is not entitled to an award of fees.

For all of the foregoing reasons, plaintiff's motion to enforce the settlement agreement is granted, in part. Defendant is instructed to tender a payment of

---

[1] Should plaintiff possess evidence that would support the Court's invocation of its inherent power to award attorney's fees, such as bad faith on the part of defendant, plaintiff may seek reconsideration of this decision. *See Jaynes v. Austin*, 20 F. App'x 421, 427 (6th Cir. 2001).

$4,000 to plaintiff within 10 days from the date of this order.

    **IT IS SO ORDERED**.

Dated: August 25, 2014

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**